IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JAMES A. WILLIAMS, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-16-3204 |
| | * | |
| MONTGOMERY COUNTY, MARYLAND, | * | |
| Defendant. | * | |

\*\*\*\*\*\*

Pending before the Court is Defendant Montgomery County, Maryland's motion to dismiss and for sanctions, ECF No. 25. The issues are fully briefed, ECF Nos. 27 & 28, and a recorded call on the motion was held on May 2, 2018. ECF No. 31. Upon consideration of the parties' arguments, the Court GRANTS the motion.

**I.    BACKGROUND**

On September 20, 2016, Plaintiff James A. Williams, Jr. ("Williams") asserted a claim through counsel, William Payne ("Payne"), for employment discrimination based on disability, in violation of the Americans with Disabilities Act ("ADA"). ECF No. 1. Williams' Complaint alleged that Defendant Montgomery County, Maryland ("the County"), did not accommodate Williams' physical disability, and that he was wrongfully terminated. *Id.* The County was served on January 5, 2017, and timely answered the Complaint on January 26. ECF Nos. 3 & 4. The Court then issued a Scheduling Order setting pertinent deadlines, to include: February 13, 2017 – Initial Joint Status Report; April 3, 2017 – Williams' deadline for Rule 26(a)(2) disclosures; May 24, 2017 – Rule 26(e) supplementation of disclosures and responses; Close of Discovery – June 19, 2017. ECF No. 6.

1

The County, complying with the Scheduling Order, filed its status report on February 13, 2017. Although the Court's Scheduling Order made plain that the parties must collaborate to submit a joint status report, Williams did not do so, nor did he file a separate status report. *See generally* ECF No. 8.

On May 12, Montgomery County served on Williams interrogatories and requests for production of documents. ECF No. 25-4. Hearing nothing from Plaintiff, counsel for Defendant attempted to contact Payne on June 7 to arrange Williams' deposition. ECF No. 25-1 at 2. Payne did not answer the call and his phone did not have voicemail capabilities at the time. ECF No. 25-1 at 2. Montgomery County followed with an email to Payne the following day, attempting to ascertain the status of Plaintiff's discovery responses and to schedule Williams' deposition. *See* ECF No. 25-5. Payne did not respond. ECF No. 25-1 at 2.

On June 13, the County again attempted to reach Payne to request Williams' deposition; the County also sought Plaintiff's approval on a joint request to extend all discovery deadlines by sixty (60) days so as to mitigate Plaintiff's failure to answer interrogatories or respond to document requests. ECF Nos. 9 & 25-1 at 2. Once again, Payne did not respond to the County's counsel, prompting the County to move for an extension of time to complete discovery. In that motion, the County informed the Court of Payne's non-responsiveness. *See* ECF No. 9 at ¶¶ 3–10.

The Court held a recorded discovery conference on June 26, 2017. *See* ECF No. 11. During the call, Payne requested extensions of the scheduling order and explained that his failure to respond to the County was due to his health issues and the unexpected death of his brother. *Id.* At the same time, Payne assured the Court that he was able and willing to represent Plaintiff and comply with the requested discovery deadlines. *Id.* The Court granted the requested

extension and made plain to the parties that it would not grant any further continuances absent a showing of extraordinary circumstances. The Court also encouraged the parties, and more particularly Payne, to contact the Court should further problems arise. *Id.* The Court then issued an amended Scheduling Order with the following deadlines: July 26, 2017 – Plaintiff's Rule 26(a)(2) disclosures; August 29, 2017 – Defendant's Rule 26(a)(2) disclosures; September 19, 2017 – Rule 26(e)(2) supplementation of disclosures and responses; close of discovery – October 5, 2017. *See* ECF No. 12.

Against this backdrop, neither Williams nor his counsel participated *at all* in discovery. Accordingly, on September 26, 2017, the County forewarned Williams by first-class mail and electronic communication that failure to respond to its discovery requests by October 2 would result in the County filing a motion to compel and/or for sanctions, to include dismissal of the case. ECF No. 25-5. The County also informed Payne that because he had not responded to repeated attempts to set Williams' deposition, the County was forced to note Williams' deposition unilaterally for October 4 at 10:00 a.m., the day before the close of discovery and without the benefit of any written discovery production. *Id.*

A week later, on October 3, Payne told counsel for the County that he would respond to written discovery the following day, October 4, and offered Williams for deposition on October 6 or October 9. *Id.* The parties then agreed that Williams' deposition would take place on October 6 at 10:00 a.m. *Id.*

Despite express warning as to the potential for sanctions including dismissal, Williams did not submit discovery responses on October 4, 2017. ECF No. 25-1 at 4. This failure prompted the County to move for additional time to complete discovery and disclose the likelihood that it would move to dismiss the Complaint "based on the complete lack of

cooperation and discovery responses." ECF No. 13. The County made clear that it sought further extension only "out of an abundance of caution." *Id.* at ¶ 13. On the same day, the County submitted a separate status report pursuant to the Court's Scheduling Order. In it, the County chronicled its repeated good-faith attempts to complete discovery and that the parties had agreed to conduct Williams' the next morning. ECF No. 14. Although once again the Court's Scheduling Order made clear that the parties were to collaborate on a joint status report, Payne did not contribute or submit a separate status report on Williams' behalf.

On the same day, after the County had filed its motion and status report — and shortly before close of business — Payne informed counsel for the County that Williams' deposition was cancelled because Williams conveyed that he was "not quite ready." Payne also informed counsel that the promised written discovery would not be forthcoming. *See* ECF Nos. 25-1 at 4, 25-9; *see also* ECF No. 31. At its understandable wits end, the County then withdrew its motion to extend discovery. ECF No. 15. Discovery therefore closed by Court order as of October 5, 2017. Five days after the close of discovery, on October 10, 2017, Payne forwarded to counsel for the County Williams' incomplete answers to interrogatories and responses to document production. ECF No. 25-10.[1] The discovery responses were both deficient and highly prejudicial to the County, identifying scores of previously undisclosed medical providers, witnesses, and allegedly similarly situated comparators. *See* ECF No. 25-10.

The Court thereafter held a recorded status conference on November 16, 2017, during which Payne did not deny that Williams' deposition was cancelled at the client's request and less than twenty-four hours before it was to take place. Nor did Payne deny that he had failed to respond to the County's discovery requests before October 5 . ECF No. 20. Payne rather asked

---

[1] Plaintiff did not respond to seven of the County's twenty-six document requests. *Id.*; ECF No. 25-11 at ¶¶ 4, 7, 11, 18, 19, 20, 21.

4

to reopen discovery, citing as grounds in support the same health and other personal issues on which he relied to support his previous continuance request last June. *Id.* The Court declined to reopen discovery and directed the County to file its motion to dismiss as sanction. *Id.*

The County filed its motion by the dispositive motions deadline. ECF No. 25. Williams, through counsel, requested an extension of time to file his response to the motion, and the response was filed on January 22, 2018. ECF Nos. 26 & 27. During the ensuing months, Plaintiff did not supplement discovery responses or offer additional deposition dates in an effort to cure any prejudice visited on the County by his dilatory approach to discovery. Rather, in response to the County's dismissal motion, Williams simply reiterated that Payne's status as "a sole legal practitioner with a large caseload," as well as the loss of his brother and his back condition requiring "strong over the counter medication," merits reopening discovery and denying dismissal. ECF No. 27 at 3–4. Williams further asserted, without support, that he made "good-faith" attempts to comply with discovery. *Id.*

The Court then held a follow-up recorded telephone conference on May 2, 2018, to afford Plaintiff a final opportunity to provide any additional argument or evidence as to why dismissal was not appropriate. ECF No. 31. Payne reiterated his previous reasons and noted that he took the County's latest motion to extend discovery dates as, effectively, license to not comply with the deadlines set by the Court. *Id.* Plaintiff's counsel, however, did not contest that he failed to produce any written discovery, or that Plaintiff refused to sit for deposition even after being warned that a motion to dismiss may result. *Id.*

**II. DISCUSSION**

Rules 37and 41(b) empower courts to dismiss a case as part of a "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501

U.S. 32, 62 (1991). Rule 37(b) provides that the court may "dismiss [ ] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b). Likewise, Rule 37(d) provides that the Court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d). Further, Rule 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with ... a court order." Fed. R. Civ. P. 41(b)

However, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir.1989). Accordingly, the Court must consider four-factors to ascertain the propriety of dismissal as a sanction: " '(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.' " *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *2 (D.Md. Apr.25, 2011) (quoting *Belk v. Charlotte Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir.2001)).

Dismissal under Rule 41(b) similarly requires Courts to consider "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Review*, 916 F.2d 171, 174 (4th Cir.1990). "[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal

6

under both rules are " 'virtually the same.' " *Taylor v. Fresh Fields Markets, Inc.*, No. 95-55, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400 (4th Cir.1994)).

Here, Plaintiff's flagrant and total failure to participate in discovery demands dismissal. First, with regard to Plaintiff's individual culpability, Williams put forward no good reason for canceling his deposition at the eleventh hour, after *months* of failing to comply with written discovery requests. Plaintiff's personal refusal to sit for deposition because he was "not ready" is itself grounds for dismissal. *See* Fed. R. Civ. P. 37(b), (d); *see also Okpala v. Computer Sciences Corp., CSC*, 585 F. App'x 298 (Mem) (4th Cir. 2014) ("A district court may dismiss a civil action if a party fails to comply with a discovery order or attend a properly noted deposition."). Second, and more broadly, even after this Court continued deadlines once to accommodate Payne's needs and warned the parties that it would not grant further extensions, Plaintiff did not meet any of his discovery obligations or deadlines. Plaintiff's non-compliance was persistent and total. *See* ECF Nos. 8, 14, 25-10, 25-11.

As for prejudice to the County, this too warrants dismissal. By close of discovery, the County had been given nothing from which to ascertain Plaintiff's potential trial witnesses, his theory of the case, or possible experts. *See* ECF Nos 25-10 & 25-11. The County, therefore, had no opportunity to investigate Plaintiff's claims, obtain defense experts, and prepare a meaningful defense. *See* ECF No. 25-1 at 6–8; *see also Van Gorkom v. Deutsche Bank*, WDQ-04-2802, 2007 WL 5065533, at *2 (D. Md. July 12, 2007), *aff'd* 254 F. App'x 274 (4th Cir. 2007). Prejudice of this degree further supports dismissal. *See Van Gorkom*, 2007 WL 5065533, at *2; *accord Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."); *Hicks v. Feeney*, 850 F.2d 152,

156 (3d Cir. 1988) ("[T]he plaintiff ... must prove [her] case, as well as give the defendant an opportunity to prepare against it.");

Although the Court sympathizes with Payne's personal problems, it cannot ignore that Payne assured the Court *ten months ago* that he could comply with the amended Scheduling Order, and thereafter failed to meet *any* of the outstanding discovery obligations. *See* ECF Nos. 11 & 25-4, 25-5, 25-6, 25-9, 25-10, 25-11. "Tolerating contempt of the Court's orders and the Rules 'place[s] the credibility of the [C]ourt in doubt and invite[s] abuse." *Van Gorkom*, 2007 WL 5065533, at *2 (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)). Dismissal with prejudice, therefore, is the only appropriate remedy. *See, e.g. McCloud v. SuperValu, Inc.*, No. PWG-12-373, 2013 WL 1314964, at *5 (D. Md. Mar. 27, 2013); *see also Rogler v. Fotos*, No. WDQ-14-228, 2016 WL 254912, at *7 (D. Med. Jan. 21, 2016).

As for the workability of a sanction short of dismissal, it bears noting that even if this Court did not dismiss the case as a sanction, dismissal would nonetheless be warranted because Williams' discovery violations preclude him from presenting sufficient evidence at trial to support his ADA claim. Because Plaintiff failed to produce requested evidence regarding his disability and the County's failure to reasonably accommodate the same, Williams would be prevented from introducing such evidence at trial. *See* Fed. R. Civ. P. 37(c); ECF Nos. 25-10, 25-11, 27. To allow otherwise would condone trial by ambush. Permitting this action to proceed, therefore, is pointless, and so a sanction short of dismissal is untenable.

Accordingly, for the reasons stated in this Memorandum Opinion, it is this fourth day of May, 2018, ORDERED by the United States District Court for the District of Maryland:

1. Defendant MONTGOMERY COUNTY, MARYLAND's Motion to Dismiss and for Sanctions, ECF No. 25, is hereby GRANTED;

2. Plaintiff JAMES A. WILLIAMS, JR.'s Complaint, ECF No.1, is DISMISSED with prejudice;

3. The Clerk is directed to transmit this Memorandum Opinion and Order to the parties and CLOSE this case.

| | |
|---|---|
| _5/4/2018_ | _/s/_ |
| Date | Paula Xinis<br>United States District Judge |